# United States District Court
## For The Western District of North Carolina

UNITED STATES OF AMERICA

V.

WILLIAM FREDERICK REYNOLDS

**JUDGMENT IN A CRIMINAL CASE**
(For Offenses Committed On or After November 1, 1987)

Case Number: 3:04CR107-01

USM Number: 19566-058
Carol Ann Bauer
Defendant's Attorney

FILED
CHARLOTTE, N. C.

JUN 17 2005

U. S. DISTRICT COURT
W. DIST. OF N. C.

**THE DEFENDANT:**

- [X] pleaded guilty to count(s) <u>1s & 3s</u>.
- [ ] Pleaded nolo contendere to count(s) which was accepted by the court.
- [ ] Was found guilty on count(s) after a plea of not guilty.

**ACCORDINGLY**, the court has adjudicated that the defendant is guilty of the following offense(s):

| Title and Section | Nature of Offense | Date Offense Concluded | Counts |
|---|---|---|---|
| 18:2113(a) | Bank Robbery and aiding and abetting same. (18:2) | 4/5/04 | 1s |
| 18:924(c) | Possession of a Firearm During and in Relation to a Crime of Violence and aiding and abetting the same. (18:2) | 4/5/04 | 3s |

The defendant is sentenced as provided in pages 2 through 5 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984, <u>United States v. Booker</u>, 125 S.Ct. 738 (2005), and 18 U.S.C. § 3553(a).

- [ ] The defendant has been found not guilty on count(s) .
- [X] Count(s) <u>1, 2, 2s & 3</u> (is)(are) dismissed on the motion of the United States.

**IT IS ORDERED** that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay monetary penalties, the defendant shall notify the court and United States attorney of any material change in the defendant's economic circumstances.

Date of Imposition of Sentence: 5/20/05

_____
Signature of Judicial Officer

David A. Faber
Chief Judge

Date: 6/8/05.

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of <u>Count 1s: EIGHTY FOUR (84) MONTHS. Count 3s: SIXTY (60) MONTHS to run consecutively with count 1s for a TOTAL OF ONE HUNDRED FORTY FOUR (144) MONTHS.</u>

<u>X</u>  The Court makes the following recommendations to the Bureau of Prisons:
   Defendant be evaluated for enrollment in the Substance Abuse Treatment Program and placed at the nearest suitable institution.
   Participation in Inmate Financial Responsibility Program at the rate of $25 quarterly during incarceration.

<u>X</u>  The defendant is remanded to the custody of the United States Marshal.

__  The defendant shall surrender to the United States Marshal for this district:

   __ At ____ On ____.
   __ As notified by the United States Marshal.

__  The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

   __ Before 2 pm on .
   __ As notified by the United States Marshal.
   __ As notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this Judgment as follows:

_____
_____
_____
_____

Defendant delivered on _____ To _____

At _____, with a certified copy of this Judgment.

                                        United States Marshal
                                    By
                                        Deputy Marshal

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of <u>Counts 1s and 3s: THREE (3) YEARS each count to run concurrently</u>.

___ The condition for mandatory drug testing is suspended based on the court's determination that the defendant poses a low risk of future substance abuse.

### STANDARD CONDITIONS OF SUPERVISION

The defendant shall comply with the standard conditions that have been adopted by this court and any additional conditions ordered.

1. The defendant shall not commit another federal, state, or local crime.
2. The defendant shall refrain from possessing a firearm, destructive device, or other dangerous weapon.
3. The defendant shall pay any financial obligation imposed by this judgment remaining unpaid as of the commencement of the sentence of probation or the term of supervised release on a schedule to be established by the court.
4. The defendant shall provide access to any personal or business financial information as requested by the probation officer.
5. The defendant shall not acquire any new lines of credit unless authorized to do so in advance by the probation officer.
6. The defendant shall not leave the Western District of North Carolina without the permission of the Court or probation officer.
7. The defendant shall report in person to the probation officer as directed by the Court or probation officer and shall submit a truthful and complete written report within the first five days of each month.
8. A defendant on supervised release shall report in person to the probation officer in the district to which he or she is released within 72 hours of release from custody of the Bureau of Prisons.
9. The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.
10. The defendant shall support his or her dependents and meet other family responsibilities.
11. The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other activities authorized by the probation officer.
12. The defendant shall notify the probation officer within 72 hours of any change in residence or employment.
13. The defendant shall refrain from excessive use of alcohol and shall not unlawfully purchase, possess, use, distribute or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as duly prescribed by a licensed physician.
14. The defendant shall participate in a program of testing and treatment or both for substance abuse if directed to do so by the probation officer, until such time as the defendant is released from the program by the probation officer; provided, however, that defendant shall submit to a drug test within 15 days of release on probation or supervised release and at least two periodic drug tests thereafter for use of any controlled substance, subject to the provisions of 18:3563(a)(5) or 18:3583(d), respectively.
15. The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered.
16. The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer.
17. The defendant shall submit his person, residence, office or vehicle to a search, from time to time, conducted by any U.S. Probation Officer and such other law enforcement personnel as the probation officer may deem advisable, without a warrant; and failure to submit to such a search may be grounds for revocation of probation or supervised release. The defendant shall warn other residents or occupants that such premises or vehicle may be subject to searches pursuant to this condition.
18. The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed by the probation officer.
19. The defendant shall notify the probation officer within 72 hours of defendant's being arrested or questioned by a law enforcement officer.
20. The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the Court.
21. As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.
22. If the instant offense was committed on or after 4/24/96, the defendant shall notify the probation officer of any material changes in defendant's economic circumstances which may affect the defendant's ability to pay any monetary penalty.
23. If home confinement (home detention, home incarceration or curfew) is included you may be required to pay all or part of the cost of the electronic monitoring or other location verification system program based upon your ability to pay as determined by the probation officer.

ADDITIONAL CONDITIONS:

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the Schedule of Payments.

| ASSESSMENT | FINE | RESTITUTION |
|---|---|---|
| $200.00 | $0.00 | $13,109.50 |

## FINE

    The defendant shall pay interest on any fine or restitution of more than $2,500.00, unless the fine or restitution is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on the Schedule of Payments may be subject to penalties for default and delinquency pursuant to 18 U.S.C. § 3612(g).

_X_      The court has determined that the defendant does not have the ability to pay interest and it is ordered that:

_X_      The interest requirement is waived.

\_      The interest requirement is modified as follows:

## COURT APPOINTED COUNSEL FEES

\_      The defendant shall pay court appointed counsel fees.

\_      The defendant shall pay $_____ Towards court appointed fees.

Defendant: WILLIAM FREDERICK REYNOLDS
Case Number: 3:04CR107-01

Judgment-Page 5 of 5

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

A __  Lump sum payment of $ _____ Due immediately, balance due

__  Not later than _____ , or
__  In accordance ___ (C), ___ (D) below; or

B  X  Payment to begin immediately (may be combined with ___ (C), X (D) below); or

C __  Payment in equal _____ (E.g. weekly, monthly, quarterly) installments of $ _____ To commence ____ ___ (E.g. 30 or 60 days) after the date of this judgment; or

D  X  Payment in equal __Monthly__ (E.g. weekly, monthly, quarterly) installments of $ __50.00__ To commence __60__ (E.g. 30 or 60 days) after release from imprisonment to a term of supervision. In the event the entire amount of criminal monetary penalties imposed is not paid prior to the commencement of supervision, the U.S. Probation Officer shall pursue collection of the amount due, and may request the court to establish or modify a payment schedule if appropriate 18 U.S.C. § 3572.

Special instructions regarding the payment of criminal monetary penalties:

__ The defendant shall pay the cost of prosecution.
__ The defendant shall pay the following court costs:
__ The defendant shall forfeit the defendant's interest in the following property to the United States:

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalty payments are to be made to the United States District Court Clerk, 401 West Trade Street, Room 210, Charlotte, NC 28202, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program. All criminal monetary penalty payments are to be made as directed by the court.

**Court Orders destruction of weapon involved.**

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest, (7) penalties, and (8) costs, including cost of prosecution and court costs.

Defendant: WILLIAM FREDERICK REYNOLDS
Case Number: 3:04CR107-01

# RESTITUTION PAYEES

The defendant shall make restitution to the following payees in the amounts listed below:

| NAME OF PAYEE | AMOUNT OF RESTITUTION ORDERED |
|---|---|
| Branch Banking and Trust | $13,109.50 |

_X_  The defendant is jointly and severally liable with co-defendants for the total amount of restitution.

___  Any payment not in full shall be divided proportionately among victims.

FILED
CHARLOTTE, N. C.

JUN 17 2005

U. S. DISTRICT COURT
W. DIST. OF N. C.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
AT CHARLOTTE

UNITED STATES OF AMERICA

v.

CRIMINAL NO. 3:04-00107-01

WILLIAM FREDERICK REYNOLDS

## MEMORANDUM OF SENTENCING HEARING AND
## REPORT OF STATEMENT OF REASONS

On May 20, 2005, the defendant appeared in person and by counsel, Carol Ann Bauer, and the United States appeared by Kenneth M. Smith, Assistant United States Attorney. Carolyn F. Morse was present on behalf of the United States Probation Office.

The court confirmed that counsel and the defendant have received and reviewed the presentence investigation report and the accompanying addendum [hereinafter referred to as "PSI"]. The court then heard argument with regard to defendant's objection to the statement in the PSI that his maximum parole expiration date is July 31, 2008. Defendant contends that his parole expired in 2002. This objection the court OVERRULED, after observing that the defendant presents no evidence to support his belief with regard to the expiration of his term of parole, and that the issue does not affect the court's calculation of the applicable Guideline range, in any event.

After confirming that there were no remaining objections to the report from either party, the court accepted the PSI and ORDERED it filed under seal except for the recommendations section prepared by the United States Probation Officer, which was ORDERED withheld. The court directed that, in the event of an appeal of the sentence herein, the PSI, except for the recommendations section, will be made available to counsel on appeal.

In order to fulfill its obligations under Fed. R. Crim. P. 32(c)(3)(D), the court directed that a copy of this written Memorandum of Sentencing Hearing and Report of Statement of Reasons be appended to and accompany any copy of the PSI hereafter made available to the Federal Bureau of Prisons. No information was withheld from the report pursuant to Fed. R. Crim. P. 32(c)(3)(A).

Having received and reviewed the PSI, the court adopted as its findings of fact and conclusions of law the statements contained in the PSI, except as modified by further ruling of the court and detailed herein.

The court then found the applicable Guideline levels and ranges before departure to be as follows:

1. The Base Offense Level is 20.
2. The Total Offense Level is 29, the court having applied the career offender offense level of 32 provided for under

U.S.S.G. § 4B1.1, and having granted a two-level downward adjustment for acceptance of responsibility pursuant to § 3E1.1, because the defendant appears to have admitted all elements of the offense and accepted responsibility for his actions; and having granted a further one-level decrease pursuant to § 3E1.1(b), upon motion of the Government, because the defendant timely notified authorities of his intention to enter a plea of guilty.

3. The Criminal History Category is VI.
4. The total Guideline range is thus:
   a. Imprisonment for a term of 262 months to 327 months.
   b. Supervised release for a period of two to three years with regard to Count One, and three to five years with regard to Count Three, the terms to run concurrently.
   c. A total fine of $15,000.00 to $150,000.00.
   d. A mandatory special assessment of $200.00 under 18 U.S.C. § 3013.

Upon the government's motion pursuant to U.S.S.G. § 5K1.1, the court chose to depart from the applicable Guideline range because of the substantial assistance rendered by the defendant to the government. After hearing the Assistant United States Attorney's account of the defendant's assistance to the government, which the government credited with the successful prosecution of defendant Reynolds' co-defendant, the court

determined that the defendant's assistance had, indeed, been substantial, and that it warranted departure from the Guideline range otherwise applicable. In considering its departure, the court reviewed each level of the sentencing table below the applicable offense level of 29, beginning at level 1 and moving upward to level 29, and concluded that an offense level of 27 would best fulfill the statutory objectives of sentencing in this case, as set forth in 18 U.S.C. § 3553(a). Accordingly, the court found the applicable Guideline range after departure to be as follows:

1. The Total Offense Level after departure pursuant to § 5K1.1 is 27.
2. The Criminal History Category is VI.
3. The total Guideline range is thus:
   a. Imprisonment for a term of 130 months to 162 months.
   b. Supervised release for a period of two to three years with regard to Count One, and three to five years with regard to Count Three, the terms to run concurrently.
   c. A total fine of $12,500.00, to $125,000.00.
   d. A mandatory special assessment of $200.00 under 18 U.S.C. § 3013.

After counsel for the defendant, the defendant, and the Assistant United States Attorney were given an opportunity to

speak, and after hearing from several friends and family members of the defendant, the court stated the following sentence:

1. The defendant shall be committed to the custody of the Bureau of Prisons to be imprisoned for a total term of 144 months, representing 84 months with regard to Count One and 60 months with regard to Count Three, the terms of imprisonment to be served consecutively. While incarcerated, it is recommended that the defendant be evaluated by the Bureau of Prisons for enrollment in an appropriate substance abuse treatment program. It is further recommended that the defendant be incarcerated at the nearest suitable facility to Charlotte, North Carolina.

2. Upon release from imprisonment, the defendant shall be placed on supervised release for a total term of three years, representing three years as to each of the two counts of conviction, the terms to run concurrently. While on supervised release, defendant shall be subject to the standard conditions of supervised release imposed by this district. The defendant shall not commit another federal, state, or local crime, shall not illegally possess a controlled substance, and shall not possess a firearm or destructive device. Throughout the period of supervision, the Probation Officer shall consider the defendant's economic circumstances as they pertain to the defendant's

ability to pay any monetary penalty ordered, and shall notify the court of any material changes, with modifications recommended, as appropriate.

3. The court FINDS that the $200.00 special assessment is due and payable immediately, and ORDERS that it be paid through participation in the Bureau of Prisons' Inmate Financial Responsibility Program in installments of not less than twenty-five dollars per quarter. Upon release from imprisonment, the defendant shall pay any remaining balance in monthly installments of no less than $50.00, with payments to commence within 60 days after release from imprisonment, until paid in full.

4. Having reviewed the Pretrial Services Report, as well as the factors set forth in 18 U.S.C. § 3572(a), the court finds that the defendant is unable financially to pay a fine in any amount. Accordingly, the court imposes no fine.

5. The court orders the defendant to make restitution as directed to Branch Banking and Trust in the amount of $13,109.50. The amount of restitution will be reduced once recovered monies are returned to the bank by law enforcement authorities. The defendant is jointly and severally liable with his co-defendant for the total amount of restitution. Following satisfaction in full of

the mandatory special assessment, the defendant shall make quarterly payments during incarceration and subsequent monthly payments during supervised release, as set forth above, until the restitution obligation is fully satisfied.

The United States then moved for destruction of the weapon employed by the defendants in this matter, which motion the court GRANTED.

The court informed the defendant of his right to appeal the sentence imposed and the requirement that in order to initiate such an appeal, a Notice of Appeal must be filed in this court within 10 days. The defendant was advised that if he wished to appeal the sentence and could not afford to hire counsel to represent him on appeal, the court would appoint counsel for him. The defendant was further advised that if he so requested, the Clerk of the Court would prepare and file a notice of appeal on his behalf.

At the conclusion of the sentencing, the defendant was remanded to the custody of the United States Marshal.

The Clerk is directed to SEAL the attached Statement of Reasons as well as this Memorandum of Sentencing Hearing and Report of Statement of Reasons, and forward a sealed copy of each of these documents to counsel of record and to the Probation Office of this court for forwarding to the Sentencing Commission

and Bureau of Prisons. The Probation Office is further directed to make the sealed Statement of Reasons and Memorandum of Sentencing Hearing and Report of Statement of Reasons, attachments to, and part of, any copy of the PSI made available to the Bureau of Prisons and the Court of Appeals.

It is SO ORDERED this 13th day of June, 2005.

ENTER:

*David A. Faber*
David A. Faber
Chief Judge